UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN E. HARSHBARGER,<br><br>               Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>               Defendant. | CASE NO. ED CV 05-00586 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff asserts two arguments for reversal, both based on the following portion of the Administrative Law Judge's opinion:

> The claimant's subjective complaints of pain and discomfort as well as headaches were not supported by the objective medical record. The claimant has a history of past drug and alcohol abuse in sustained long-term remission and not material in this case. The claimant has been treated only by a chiropractor and his activities of daily living are consistent with the residual functional capacity assessment found herein and include walking around the park for one mile for recreational activity once a day, twice a week, attending AA and physical

> therapy. He estimated that his back pain was a five to a six on a pain scale of one to ten at the most and currently is estimated to be a three to a four. While he complained knee pain estimated to be a level seven to eight . . . , he said that he has not seen a physician for years. The claimant is able to drive, goes grocery shopping and does some household chores, including washing dishes and making the beds. There is absolutely no demonstrated medical pathology documented anywhere in this record which would account for the claimant's asserted requirement for naps two to three times per week secondary to pain.

[AR 13-14.]

Plaintiff first challenges the final sentence of this excerpt, involving the need for naps. He points to the following part of a treatment note by treating physician Paul Saiz, M.D., under the heading "Review of Systems" in a report about lower back treatment: "Is positive for difficulty sleeping, fatigue, dizzy spells, shortness of breath, painful muscles, joints, sinus problems, hearing problems, constipation, diarrhea, abdominal pain, weakness, altered sensation, prostate problems, urinary problems, memory loss, lack of concentration, false teeth." [AR 160.] From the existence of this note, Plaintiff concludes that the treating physician, whose opinion is accorded greater deference, "has opined after a review of symptoms that the Plaintiff has 'difficulty sleeping' and has 'fatigue' which could reasonably require the need for [*sic*] naps during the day." Pl.'s Br. at 2-3. Such is simply not reflected in the record. Plaintiff was seeing Dr. Saiz for lower back pain; the doctor did not evaluate or treat Plaintiff for any asserted fatigue or difficulty sleeping, let alone prescribe, as medically advisable, the naps Plaintiff claims to require (secondary to knee pain). Plaintiff cites no objective medical evidence to substantiate any pathological fatigue or sleep-related disorders that might interfere with the ability to perform basic work

functions. The Court surmises that Dr. Saiz's reference in the cited note merely reflect Plaintiff's subjective reports. (Otherwise, it would follow from Plaintiff's logic that Dr. Saiz's decidedly orthopedic treatment of Plaintiff's lower back somehow included his independent medical conclusion that Plaintiff suffers from prostate problems, constipation and diarrhea, among other ailments.) Whether or not such is the case, however, the inclusion of "fatigue" and "difficulty sleeping" in this note, unsupported by any underlying medical evidence, was not "significant probative evidence," and the Administrative Law Judge was entitled to disregard it without specific comment. *See Vincent v. Heckler*, 739 F.2d 1193, 1194-95 (9th Cir. 1984); *see also Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings.").

        Second, Plaintiff asserts more generally that the Administrative Law Judge improperly discounted his subjective complaints. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" *some* degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain – and how that pain affects the claimant's ability to work – only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). The Administrative Law Judge here complied with the *Bunnell* standard by stating three reasons for finding Plaintiff's account of his subjective symptoms not fully credible – although, as Defendant concedes, one of those reasons misstates the record. Specifically, he relied on Plaintiff's routine activities that reasonably can be viewed as inconsistent with his claims of disabling impairments and pain. He also relied on the absence of any objective medical evidence to substantiate the need for naps, as discussed above. The fact that there may be other interpretations of a

claimant's testimony that are reasonable does not mean that the Administrative Law Judge erred. As long as his interpretation is reasonable and supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

The third basis for the Administrative Law Judge's credibility determination appears to be Plaintiff's failure to seek, or to continue to seek, physician (as opposed to chiropractor) treatment for his allegedly disabling knee pain. As Defendant concedes, the underlying opinion is incorrect or at least incomplete in stating that Plaintiff "said he has not seen a physician for years." Technically, this is true, but it tells only part of the story. On the one hand, Plaintiff did testify at the administrative hearing that he was not seeing a physician "at this time" and that he last saw a physician "three, four months" earlier, and "just for checkups, see how I was doing." [AR 221.] A few minutes earlier, however, Plaintiff testified that he had seen a physician "just due to knee pain" within the past four weeks. [AR 215.] Perhaps Plaintiff's second comment referred to physician treatment for *other* than knee ailments, for his first comment plainly focused on physician treatment "just due to knee pain." In any event, Plaintiff's treatment was not limited to chiropractic care, and, although Plaintiff may have pursued a course of treatment that was less aggressive than the Administrative Law Judge would have expected of a truthful claimant, substantial evidence appears not to support the comment that Plaintiff had not seen a physician for knee pain "for years." Nevertheless, the opinion also relies on Plaintiff's regular activities and the absence of fatigue-related evidence in partially discounting Plaintiff's subjective complaints, and those reasons are backed by substantial evidence.

For the foregoing reasons, the decision is AFFIRMED.


DATED:   August 29, 2006



                                        */s/ Ralph Zarefsky*
                                  RALPH ZAREFSKY
                    UNITED STATES MAGISTRATE JUDGE